IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IAN McFARLAND,

    Petitioner,                 No. CIV S-08-01165 JAM CHS P

    vs.

D.K. SISTO, et al,

    Respondents.          ORDER

_____/

        Petitioner Ian McFarland is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McFarland challenges the December 19, 2006, decision by the Board of Parole Hearings finding him unsuitable for parole. McFarland argues, in part, that the Board's decision was based on the continued reliance on an unchanging factor, specifically the circumstances of his commitment offense.

        On May 16, 2008, the Ninth Circuit ordered that <u>Hayward v. Marshall</u> be reheard en banc. <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), <u>reh'g en banc granted</u>, 527 F. 3d 797 (9th Cir. 2008). Squarely before the en banc panel in <u>Hayward</u> is whether the continued reliance on an unchanging factor such as the circumstances of the commitment offense could result in a due process violation. Because the en banc panel's opinion in <u>Hayward</u> may significantly impact the resolution of McFarland's petition a stay may be appropriate.

1

In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  Lockyer v. Mirant Corp*.,* 398 F.3d 1098, 1110-09 (9th Cir. 2005), citing CMAX, Inc. v. Hall*,* 300 F.2d 265, 268 (9th Cir. 1962).

The only potential damage resulting from a stay is to McFarland, who may have to wait longer for the resolution of his petition.  However, because the Hayward opinion may significantly alter the resolution of his petition, a determination prior to the Hayward opinion may necessitate reconsideration once that opinion is issued.  That reconsideration would also result in delay.

The hardship to both parties if this matter is allowed to go forward is considerable as any resolution prior to the pending opinion would likely require reconsideration and thus more briefing once the opinion is issued.  Further, it is in the interest of the orderly course of justice to await the en banc decision so that McFarland's petition can be considered under the most current precedent, thereby avoiding the need for reconsideration.

Because Hayward is being reheard en banc*,* the pending decision may depart from the original panel decision.  Moreover the en banc court may eschew reliance on previous opinions entirely and take a different approach in resolving the questions presented.  The "[s]pecial solicitude" that attends this case would be thwarted, and petitioner prejudiced, by an incorrect guess about the reasoning and decision of the en banc panel in Hayward, resulting only in another round of briefing once that decision is announced.  Yong v. I.N.S*.,* 208 F.3d 1116, 1120 (9th Cir. 2000) (stating that in habeas cases "[s]pecial solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement' ").

1  Accordingly, IT IS ORDERED that this action is administratively stayed pending
2 the Ninth Circuit's en banc decision in Hayward v. Marshall.
3 DATED: October 14, 2009

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE