I

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IAN MCFARLAND,

    Petitioner,                                No. CIV S-08-1165 JAM CHS P

    vs.

D.K. SISTO,

    Respondent.               ORDER

                              /

        Petitioner McFarland, a state prisoner, filed a pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging a decision of the Board of Parole Hearings that he was not suitable for parole on the basis that the decision was unsupported by some evidence. On January 14, 2011, this court entered final judgment granting the petition, in part. On February 8, 2011, respondent filed a timely Motion to Amend the Judgment in light of newly decided Supreme Court precedent. The motion, petitioner's opposition, and respondent's reply are before the court.[1]

        This court may grant relief under Rule 59(e) under limited circumstances

---

[1] Petitioner also filed an "Opposition to the Respondent's Reply." Although this is an improper surreply, the Court exercises its discretion and considers Petitioner's filing along with the other pending motions before the Court.

1

including when there is an intervening change of controlling authority, when new evidence has surfaced, or when the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice. *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

In this case, the petition was granted based on a finding that the Board's decision denying parole was unsupported by some evidence as required under California law. In *Swarthout v. Cooke*, 131 S.Ct. 859 (2011) (per curiam), however, the Supreme Court held "it is of no federal concern... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Cooke*, 131 S.Ct. at 863. Thus the Supreme Court has effectively overruled the Ninth Circuit authorities relied upon by this Court in rendering its decision. *Cooke* constitutes an intervening change in controlling authority that effectively forecloses petitioner's claims.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). While a California inmate has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment, the only relevant federal right is procedural and the only proper inquiry is whether the petitioner received due process of law. *Cooke*, 131 S.Ct. at 861-63. The Constitution requires only that a prisoner be allowed an opportunity to be heard and be provided with a statement of reasons why parole is denied. *Id*. at 862 (citing *Greenholtz*, 442 U.S. at 16. Petitioner does not allege that he did not receive these procedural safeguards. Accordingly, the judgment will be vacated and the petition will be denied.

In addition, since petitioner fails to make a substantial showing of the denial of a constitutional right in light of the new applicable Supreme Court precedent, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c); *Hayward v. Marshall*, 603 F.3d 546, 554

///

1 ///
2 (9th Cir. 2010) (en banc).
3     Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT:
4   1.    The Motion to Amend Judgment at Docket No. 25 is GRANTED;
5   2.    The Judgment entered at Docket No. 24 is VACATED;
6   3.    The petition for writ of habeas corpus is DENIED; and
7   4.    A Certificate of Appealability shall not issue.
8 DATED: October 19, 2012

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE