1   I

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  IAN MCFARLAND,

11          Petitioner,                 No. CIV S-08-1165 JAM CHS P

12      vs.

13  D.K. SISTO,

14          Respondent.              <u>ORDER</u>

15  _____/

16      Petitioner McFarland, a state prisoner, filed a pro se with a petition for writ of habeas

17  corpus pursuant to 28 U.S.C. §2254 challenging a decision of the Board of Parole Hearings that

18  he was not suitable for parole on the basis that the decision was unsupported by some evidence.

19  On January 14, 2011, this court entered final judgment granting the petition, in part.  On

20  February 8, 2011, respondent filed a timely Motion to Amend the Judgment in light of newly

21  decided Supreme Court precedent.  The motion, petitioner's opposition, and respondent's reply

22  are before the court.[1]

23      This court may grant relief under Rule 59(e) under limited circumstances

24  _____

25      [1] Petitioner also filed an "Opposition to the Respondent's Reply."  Although this is an
    improper surreply, the Court exercises its discretion and considers Petitioner's filing along with
26  the other pending motions before the Court.

1

1   including when there is an intervening change of controlling authority, when new evidence has

2   surfaced, or when the previous disposition was clearly erroneous and, if uncorrected, would work

3   a manifest injustice.  *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389*

4   *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

5              In this case, the petition was granted based on a finding that the Board's decision

6   denying parole was unsupported by some evidence as required under California law.  In

7   *Swarthout v. Cooke*, 131 S.Ct. 859 (2011) (per curiam), however, the Supreme Court held "it is

8   of no federal concern... whether California's 'some evidence' rule of judicial review (a procedure

9   beyond what the Constitution demands) was correctly applied."  *Cooke*, 131 S.Ct. at 863.  Thus

10  the Supreme Court has effectively overruled the Ninth Circuit authorities relied upon by this

11  Court in rendering its decision.  *Cooke* constitutes an intervening change in controlling authority

12  that effectively forecloses petitioner's claims.

13             It is well-established by Supreme Court precedent that there is no constitutional or

14  inherent right of a convicted person to be conditionally released on parole before expiration of a

15  sentence.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  While

16  a California inmate has a liberty interest in parole protected by the procedural safeguards of the

17  Due Process Clause of the Fourteenth Amendment, the only relevant federal right is procedural

18  and the only proper inquiry is whether the petitioner received due process of law.  *Cooke*, 131

19  S.Ct. at 861-63.  The Constitution requires only that a prisoner be allowed an opportunity to be

20  heard and be provided with a statement of reasons why parole is denied.  *Id*. at 862 (citing

21  *Greenholtz*, 442 U.S. at 16.  Petitioner does not allege that he did not receive these procedural

22  safeguards.  Accordingly, the judgment will be vacated and the petition will be denied.

23             In addition, since petitioner fails to make a substantial showing of the denial of a

24  constitutional right in light of the new applicable Supreme Court precedent, a certificate of

25  appealability shall not issue.  *See* 28 U.S.C. § 2253(c); *Hayward v. Marshall*, 603 F.3d 546, 554

26  ///

1    ///

2    (9th Cir. 2010) (en banc).

3          Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT:

4        1.    The Motion to Amend Judgment at Docket No. 25 is GRANTED;

5        2.    The Judgment entered at Docket No. 24 is VACATED;

6        3.    The petition for writ of habeas corpus is DENIED; and

7        4.    A Certificate of Appealability shall not issue.

8    DATED:   October 19, 2012

9                    /s/ John A. Mendez

10                   UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26